**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

LARRY DONNELL SMITH, #343684,

        Petitioner,

v.                                             ACTION NO.
                                             2:06cv153

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254.  The

matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of

28 U.S.C. § 636(b)(1)(B) and (c) and Rule 72 of the Rules of the United States District Court for the

Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

      Petitioner Larry Smith ("Smith") was convicted on April 3, 2001, in the Chesterfield County

Circuit Court of driving under the influence third offense and driving on a revoked operator's license

and was sentenced to a term of ten years imprisonment with seven years and seven months

suspended.

      The Chesterfield County Circuit Court denied Smith's motion to dismiss a show cause order

on May 3, 2004.  Smith filed a motion to review and modify his sentence with the Chesterfield

County Circuit Court, which was denied on May 9, 2004. On March 27, 2005, that Court revoked

his suspended sentences and imposed one year and six months for the petitioner to serve.  Smith then

filed a habeas petition in the Chesterfield County Circuit Court, which was denied on January 10,

2006.  Smith has appealed the denial, and the appeal is pending in the Virginia Supreme Court.

Smith, presently in the custody of the Virginia Department of Corrections at the Dillwyn

Correctional Center in Dillwyn, Virginia, filed this petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 on March 16, 2006.  On April 11, 2006, respondent filed a Rule 5 Answer and Motion

to Dismiss.  Respondent then filed an amended motion to dismiss and Rule 5 answer on April 19,

2006.  Smith filed a response to the Motion to Dismiss on May 1, 2006.

## B. Grounds Alleged

Smith asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a)     the show cause order contained the wrong race and the wrong
        address;

(b)     he was denied effective assistance of counsel due to his
        counsel's failure to challenge the typographical errors in the
        show cause order;

(c)     and, he was in the custody of Augusta County Sheriff the day
        of the alleged probation violation.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims

must be exhausted.  See 28 U.S.C. § 2254(b) (2000).  The exhaustion requirement is satisfied when

the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as

those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428,

1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either

on direct appeal or in post-conviction proceedings.  See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

        Grounds (a)-(c) have not been decided by the Virginia Supreme Court.  In fact, Smith appealed the Circuit Court's denial of his habeas petition to the Virginia Court of Appeals (Record No. 0941-06-2).  The Virginia Court of Appeals entered an order transferring the case to the Virginia Supreme Court.  The records are currently in the clerk's office of the Supreme Court, but no case number has been assigned.  "Habeas corpus jurisdiction of persons in custody pursuant to the judgment of a state court is conferred on federal courts by 28 U.S.C. §2254.  That statute requires exhaustion of available state remedies as a precondition to consideration of a federal habeas corpus petition."  Pitchess v. Davis, 421 U.S. 482, 486 (1975); see also Picard v. Connor, 404 U.S. 270, 275 (1971).  Smith's petition is currently pending in the Virginia Supreme Court; therefore, his federal petition is premature and should be dismissed.  Smith can refile his petition after he has exhausted available state remedies.

        On June 1, 2006, this court received a letter from Mr. Smith regarding his state habeas case.  Mr. Smith wanted to know whether his federal habeas case was the same as his state habeas case, which has been transferred to the Supreme Court of Virginia.  The two cases, which present the same claim, are separate; however, the state court must decide the claim before it may be brought in federal court.

## III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that Smith's petition for writ of habeas corpus be DENIED without prejudice in order to allow Smith to exhaust his state remedies and the respondent's motion to dismiss be GRANTED.

Smith has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

## IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this

court based upon such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

_____/s/_____
Tommy Miller

Norfolk, Virginia
June 12, 2006

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the

following:

     Larry Smith, #343684
     Dillwyn Correctional Center
     PO Box 670
     Dillwyn, VA 23963


     Thomas D. Bagwell, Esq.
     Office of the Attorney General
     900 East Main Street
     Richmond, VA 23219


                 Fernando Galindo, Acting Clerk


          By _____
             Deputy Clerk

             June      , 2006

6